Per Curiam.

The decision of the cause was postponed in order to ascertain whether Haven was by mercantile *388 usage bound to receive- the consignment anywhere ; because some of the Court were of opinion, that if he was not, the defendant, upon his refusal to receive the onions at the Pier wharf, should have either transported them to Haven’s wharf, or stored them in some safe place, or brought them back to Newburyport and re-delivered them to the plaintiff. It appears now, by the minutes of the judge, that they were shipped by the plaintiff by the order of Haven. He was then bound to receive them, and as the defendant was not under obligation to carry them to Haven’s wharf, it follows, that on notice from Fowler that they were at the Pier wharf, it was Haven’s duty to receive and take care of them. So that the plaintiff’s remedy, if he have any, is against Haven.[1]
Nov. 11th.
After this opinion was given, Cushing, of counsel for the plaintiff, stated that according to the letter of Haven ordering the shipment of the onions, they were to be delivered at his wharf, and at a limited price, neither of which conditions was complied with; and he read a deposition of Haven to that effect. The letter, he said, had been lost since the trial. Moseley observed that two notices had been served on the plaintiffs to produce the letter.

Per Curiam.

We feel bound, in this position of the case, to grant a new trial. The charge of the judge was correct so far as it went; but an important point seems to have been overlooked. The defendant not having agreed to deliver the onions at Haven’s wharf, the judge thought it would be sufficient to land them at the Pier wharf and give notice to Haven. But Haven having refused to receive them, the question is, whether he was not obliged to receive and take care of them. If, according to the testimony of one witness, he ordered them unconditionally, he was under such an obligation, and the onions were on the wharf at his risk. But it appears by his deposition used at the trial, that the order was on condition that the onions should be delivered at his wharf *389 and at a certain price. It then becomes necessary to have the original letter. The only duty of a party, upon notice to produce a paper, is to bring it into court; he is not obliged to exhibit it till it is called for. If it appeared that this letter had been called for and not produced, the jury would be considered as having determined upon the contents, and the verdict would stand. But it does not appear to have been called for. On the plaintiff’s own suggestion, the production of it becomes important. It will be for the jury to say, whether Haven was bound to take care of the onions. The case turns wholly on that point. If he was bound to receive them, Fowler is not liable ; otherwise he is.

JSTew trial granted.

 See Cope v. Cordova, 1 Rawle, 203; Abbott on Ship. (4th Amer. ed.) 249, 250; 3 Kent’s Comm. (3d ed.) 214,215; 2 id. 604, 605; Fox v. Blossom, and Packard, v. Bordier, cited in 2 Kent’s Comm. (3d ed.) 605, n. c; Pickett v. Downer, 4 Vermont R. 21; Story on Bailments, 346, 347, c. 6, § 544, 545 546.